UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-09
```

------------------------------------------------------------- x

SANDRA ARACE, derivatively on behalf of
WACHOVIA CORPORATION,

                Plaintiff,

         vs.

G. KENNEDY THOMPSON, et al.,

                Defendants.

------------------------------------------------------------- x

No. 08-Civ-7905 (DC)

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS the above-captioned derivative action is pending before this Court;

WHEREAS Plaintiff Sandra Arace ("Plaintiff"), nominal defendant Wachovia Corporation ("Wachovia" or the "Company")[1] and the Individual Defendants (collectively, the "Parties") have applied to the Court, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement (the "Settlement") and dismissal with prejudice of this Action, as set forth in the Stipulation of Settlement entered into as of July 1, 2009 (the "Stipulation"); and the Court having considered the Stipulation, the exhibits attached thereto, and all other papers filed and proceedings had herein and otherwise being fully advised in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED:

1.      This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

---

[1] Wachovia no longer exists as a separate legal entity, having been acquired by Wells Fargo & Company ("Wells & Fargo") through a merger completed on December 31, 2008. Therefore, all references to Wachovia or the Company as an entity in existence on or after December 31, 2008 refer to Wells Fargo, as successor-in-interest to Wachovia.

2.    The Court preliminarily approves the Stipulation, including the releases contained therein, and the Settlement as being fair, reasonable and adequate.

3.    In connection with preliminary approval of the Settlement, the Court preliminarily finds, for purposes of the Settlement, that the Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a derivative action on behalf of Wachovia.

4.    The Court will hold a settlement hearing on _November 18_, 2009 at _10:00 a_.m. in Courtroom 11A, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"): (i) to determine, pursuant to Federal Rule of Civil Procedure 23.1, whether to grant final approval of the Settlement as fair, reasonable and adequate; (ii) to hear and determine any objections to the Settlement; (iii) to determine whether a Final Judgment substantially in the form attached as Exhibit D to the Stipulation should be entered dismissing all claims in the Complaint in the Action against the Released Parties with prejudice and releasing the Released Claims; (iv) to consider the payment to Plaintiff's Counsel of attorneys' fees and expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

5.    The Summary Notice of Pendency of Shareholder Derivative Action, Proposed Settlement and Settlement Hearing attached as Exhibit B to the Stipulation (the "Summary Notice") shall be published once in the *Investor's Business Daily* not later than ten (10) business days following the entry of this Order.

6.    The Notice of Pendency of Shareholder Derivative Action, Proposed Settlement and Settlement Hearing, substantially in the form attached as Exhibit C to the Stipulation and including the date and time of the Settlement Hearing (the "Notice"), shall be disseminated along

2

with a copy of the Stipulation by pre-paid first class mail to all persons or entities who request such information from Plaintiff's Counsel.

7. At or prior to the Settlement Hearing, counsel for the Defendants shall file proof by affidavit of publication of the Summary Notice as set forth herein. The Company shall be responsible for paying the costs of publishing the Summary Notice and the actual out-of-pocket expenses of printing and mailing the Notice to all persons or entities who request such information, provided that if the costs and actual out-of-pocket expenses of publishing the Summary Notice and/or disseminating the Notice would exceed $50,000, and upon filing of an affidavit by Defendants' counsel stating that the costs and actual out-of-pocket expenses of such publication and/or dissemination would exceed $50,000, this Order shall be rendered null and void, of no further force or effect, and shall be vacated *nunc pro tunc* and all the Parties shall be deemed to have reverted to their respective status as of the date of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and this Order, and any related orders, had not been entered, preserving in that event all of the Parties' claims and defenses in this Action. Except as expressly provided herein, Plaintiff's Counsel and Defendants shall bear their own fees, costs and expenses incurred in connection with all administrative matters relating to the Settlement process pursuant to the Stipulation.

8. The Court approves, as to forms and contents, the Summary Notice and the Notice to be published or disseminated, respectively, in accordance with the provisions of Paragraphs 5 and 6, and such notices are hereby found to be reasonable and sufficient under the circumstances, and to comply with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process of the United States Constitution, and to

constitute due and sufficient notice to all Persons affected by the Settlement or entitled to participate in the Settlement Hearing regarding the claims brought in the Action.

9.  The Court will consider objections to the Settlement at the Settlement Hearing, but only if such objections, and any supporting papers, are filed with the Clerk of the Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, not later than seven (7) calendar days prior to the Settlement Hearing date set forth in Paragraph 4 above, and, by the same date, copies of all such papers are also received by each of the following persons:

Plaintiff's Counsel:

>   Joseph H. Weiss, Esq.
>   WEISS & LURIE
>   551 Fifth Avenue
>   New York, NY 10176
>   Tel: 212-682-3025
>   Fax: 212-682-3010

Defendants' Counsel:

>   Douglas H. Flaum, Esq.
>   Israel David, Esq.
>   FRIED, FRANK, HARRIS,
>     SHRIVER & JACOBSON LLP
>   One New York Plaza
>   New York, NY 10004
>   Tel: 212-859-8000
>   Fax: 212-859-4000

Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such objector wishes the Court to consider, as well as a statement specifying and sufficient documentation to demonstrate: (i) the objector's name, (ii) address, (iii) telephone number,

4

(iv) how many shares of Wachovia common stock the objector owned prior to December 31, 2008, (v) when the objector purchased or otherwise acquired such shares of Wachovia common stock, and (vi) whether and when the objector sold or otherwise transferred such shares of Wachovia common stock.

10. Any Shareholder may appear at the Settlement Hearing, in person or by counsel, and show cause, if any: why the proposed settlement of the claims in the Action should not be approved as fair, reasonable and adequate; why attorneys' fees should not be awarded and expenses reimbursed in the amount provided for in the Settlement; or why the Final Judgment should not be entered, provided, however, that no such person shall be heard or be entitled to be heard unless that person has complied with the provisions for written objections as set forth in Paragraph 9 above. In addition, any such written objections must also include the following: (i) a notice of intention to appear, (ii) the reasons such person desires to appear and be heard, and (iii) the names of all witnesses, if any, that such person desires to present at the hearing along with a statement of the matters on which such witnesses will testify and a summary of their proposed testimony.

11. Any Shareholder who fails to object in the manner described in Paragraphs 9 and 10 above shall be deemed to have waived his or her objection and shall be barred from raising such objection in this or any other action or proceeding.

12. The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Parties in writing and without further notice to any Shareholders. The Court further reserves the right to adjourn the date of the Settlement Hearing without further notice, and retains jurisdiction to consider all further matters related to the Action or the Settlement.

13. Pending final determination of whether the Settlement and Stipulation should be approved, all proceedings in this Action, other than proceedings necessary to carry out the terms and conditions of the Settlement, are stayed, and the Plaintiff and/or every Shareholder, or any of them, and anyone who purports to act on any of their behalf, are barred and enjoined from (a) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties, whether directly, derivatively, representatively, or in any other capacity, and regardless of whether any such shareholder has appeared in the Action; or (b) challenging the Settlement other than in this Action in accordance with the procedures established by this Court.

14. Neither the Stipulation, nor the exhibits thereto, nor any negotiations or actions taken to carry out the Stipulation, nor any statements or court proceedings relating to its provisions in any way may be construed as, or may be used as, an admission by or against any Released Parties, or any of them, of any fault, wrongdoing or liability whatsoever, nor may any of the foregoing be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Stipulation, and except that the Defendants or any of the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void, of no further force or effect,

and shall be vacated *nunc pro tunc* and all the Parties shall be deemed to have reverted to their respective status as of the date of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and this Order, and any related orders, had not been entered, preserving in that event all of the Parties' claims and defenses in this Action.

IT IS SO ORDERED.

Dated: 9/15, 2009

_____
DENNY CHIN, U.S.D.J.