UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SANDRA ARACE, derivatively on behalf of
WACHOVIA CORPORATION,

                    Plaintiff,

        vs.

G. KENNEDY THOMPSON, et al.,

                    Defendants.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/09

No. 08-Civ-7905 (DC)



## ~~PROPOSED~~ ORDER AND FINAL JUDGMENT

The proposed settlement of the Action (the "Settlement"), having come before this Court for hearing, as noticed, on November 18, 2009, at 10:00 a.m., pursuant to this Court's Order dated September 15, 2009 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all Persons having any objection to the Settlement of the Action embodied in the Stipulation of Settlement, dated July 1, 2009 (the "Stipulation"), or to the payment to Plaintiff's Counsel of attorneys' fees and expenses in this Action, having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the attorneys for the Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard, as provided in the Notice, and good cause appearing therefor;

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1.    This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the

Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Stipulation for the sole purpose of approving the settlement of this Action.

3. Based on evidence submitted, the Court finds that notice was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the forms and contents of the Summary Notice and the Notice, as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process of the United States Constitution, and constituted due and sufficient notice of the matters set forth therein.

4. A full opportunity has been offered to Shareholders to object to the Settlement and to participate in the hearing thereon, and, as such, all Shareholders are bound by this Order and Final Judgment. *No objections were submitted, and no are appeared on 11/18/09 to object.*

5. The Settlement is found to be fair, reasonable and adequate.

6. The Court finds, for settlement purposes, that the Action was properly brought as a derivative suit pursuant to Federal Rule of Civil Procedure 23.1.

*(PC)*

7. The Stipulation and the terms of the Settlement set forth therein are, in all respects, hereby finally approved. The Parties to the Stipulation are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, including the payment of attorney's fees and expenses to Plaintiff's Counsel in the Action.

8. The Action and all claims contained therein, as well as all Released Claims, are hereby dismissed with prejudice in their entirety, on the merits, as against all Released Parties. Each party shall bear its own fees and costs, except as set forth herein.

9. Upon the Effective Date, Plaintiff, Defendants and all Shareholders, on behalf of

2

themselves, and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Order and Final Judgment shall: (i) have fully, finally and forever released, relinquished, settled and discharged the Released Parties from all the Released Claims; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims against any of the Released Parties.

10. Upon the Effective Date, each of the Defendants and the Released Parties, on behalf of themselves and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from all claims or demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of the Released Claims.

11. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction over Plaintiff, Defendants, the Shareholders and the Released Parties with respect to all matters related to the Action and over all proceedings related to the implementation and enforcement of the terms of the Stipulation.

12. Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor its exhibits, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection therewith shall be:

    a. offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Released Parties of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that could have been asserted in the Action or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Released Parties;

    b. in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce the Stipulation, and except that the Defendants or any of the Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

    c. construed against any of the Released Parties or Plaintiff as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    d. construed as or received in evidence as an admission, concession or presumption against Plaintiff or her counsel or any of them that any of the claims asserted in the Action are without merit or that any infirmity exists as to those claims.

14.     The Settlement shall be a final and complete resolution of all disputes among the

Parties. No party to the Stipulation may assert in any forum that the Action was brought, commenced or prosecuted by Plaintiff or her counsel in bad faith or that the Action was not filed or raised in good faith or was not settled voluntarily after negotiating at arm's length and in good faith after consultation with competent legal counsel. The Court finds that there have been no violations of Rule 11 of the Federal Rules of Civil Procedure by any party to the Stipulation or their counsel relating to the prosecution, defense or settlement of the Action.

15. All Persons are hereby permanently barred and enjoined from commencing, prosecuting or asserting any claim for contribution (whether contractual or otherwise) against the Released Parties or any other claim against the Released Parties where the injury to such Person is any Person's actual or threatened liability, in connection with the Released Claims, to Wachovia or to any Shareholder on behalf of Wachovia, including but not limited to any amounts paid in settlement of such actual or threatened liability.

16. Entry of the Order and Final Judgment fully and finally settles and disposes of and discharges all of the Released Claims. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment, and any related orders, shall be rendered null and void, of no further force or effect, and shall be vacated *nunc pro tunc*. The Parties shall then each be deemed to have reverted to their respective status in the Action as of the date of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and this Order and Final Judgment, and any related orders, had not been entered, preserving in that event all of the Parties claims and defenses in this Action.

17. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there

5

is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged and decreed.

18.  Without further order of the Court, the Parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.
Dated: __11/24__, 2009

DENNY CHIN, U.S.D.J.